UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEPHANIE POIRIER, individually and
on behalf of all others similarly situated,

    *Plaintiff*,

v.

CUBAMAX TRAVEL INC.,
a Florida Corporation,

    *Defendant.*

Case No. 1:18-cv-23240-CMA

**CLASS ACTION**

**DEFENDANT CUBAMAX TRAVEL INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO CLASS ACTION COMPLAINT**

Defendant, Cubamax Travel Inc. ("Cubamax"), by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses ("Answer") to Plaintiff's Class Action Complaint (the "Complaint").

**CLASS ACTION COMPLAINT**

1. Cubamax admits that Plaintiff purports to bring an action for alleged violations of the Telephone Consumer Protection Act (the "TCPA") but denies all other allegations in Paragraph 1 of the Complaint.

**NATURE OF THE ACTION**

2. Cubamax admits that Plaintiff purports to bring a putative class action for alleged violations of the TCPA, but denies all other allegations in Paragraph 2 of the Complaint.

3. Cubamax admits that it is a travel agency that coordinates complete trips to Cuba for customers. Cubamax denies all other allegations in Paragraph 3 of the Complaint.

4. Cubamax admits that Plaintiff purports to seek injunctive and statutory relief but denies all other allegations in Paragraph 4 of the Complaint.

1

## JURISDICTION AND VENUE

5.     Cubamax admits that Plaintiff's claim for jurisdiction is proper under 28 U.S.C. § 1331 and that Plaintiff purports to bring a class action for alleged violations of the TCPA, but denies all other allegations in Paragraph 5 of the Complaint.

6.     Cubamax admits that venue is proper in the United States District Court for the Southern District of Florida pursuant to 28. U.S.C. § 1391(b) and (c), but denies all other allegations in Paragraph 6 of the Complaint.

## PARTIES

7.     Cubamax is without knowledge and therefore denies the allegations in Paragraph 7 of the Complaint.

8.     Cubamax admits the allegations in the first sentence of Paragraph 8 of the Complaint.  Cubamax also admits that it directs, markets, and provides its business activities in the State of Florida.  Cubamax denies all other allegations in Paragraph 8 of the Complaint.

## THE TCPA

9.     Moreover, Cubamax states that the allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 9 of the Complaint.  Cubamax further states that the statute referenced in Paragraph 9 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

10.    Cubamax states that the allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 10 of the Complaint.  Cubamax further states that the statute

referenced in Paragraph 10 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

11. Cubamax states that the allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 11 of the Complaint. Cubamax further states that the case referenced in Paragraph 11 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

12. Cubamax states that the allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 12 of the Complaint. Cubamax further states that the order referenced in Paragraph 12 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

13. Cubamax states that the allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 13 of the Complaint. Cubamax further states that the order referenced in Paragraph 13 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

14. Cubamax states that the allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 14 of the Complaint. Cubamax further states that the order referenced in Paragraph 14 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

15. Cubamax states that the allegations in Paragraph 15 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 15 of the Complaint. Cubamax further states that the rule and case referenced in Paragraph 15 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required.

16. Cubamax states that the allegations in Paragraph 16 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 16 of the Complaint. Cubamax further states that the case referenced in Paragraph 16 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

17. Cubamax states that the allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 17 of the Complaint. Cubamax further states that the case, rules, and order referenced in Paragraph 17 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required.

18. Cubamax states that the allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 18 of the Complaint. Cubamax further states that the order referenced in Paragraph 18 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

19. Cubamax states that the allegations in Paragraph 19 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 19 of the Complaint. Cubamax further states that the order

referenced in Paragraph 19 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

20. Cubamax states that the allegations in Paragraph 20 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 20 of the Complaint. Cubamax further states that the order referenced in Paragraph 20 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

21. Cubamax states that the allegations in Paragraph 21 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 21 of the Complaint. Cubamax further states that the cases referenced in Paragraph 21 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required.

22. Cubamax states that the allegations in Paragraph 22 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 22 of the Complaint. Cubamax further states that the case referenced in Paragraph 22 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

**FACTS**

23. Cubamax denies the allegations in Paragraph 23 of the Complaint.[1]

24. Cubamax denies the allegations in Paragraph 24 of the Complaint.

---

[1] Pursuant to Rule 3H(8) of the CM/ECF Administrative Procedures for the Southern District of Florida, "[d]ocuments not written in English . . . must be accompanied by a translation, unless a waiver has been granted by the Court." In Paragraph 23 of the Complaint, Plaintiff inserts what appears to be a screenshot of a text that reads "Estimado cliente Visite nuestra nueva sucursal de CUBAMAX y aproveche nuestros especiales de apertura! 2815 NW 7 ST, MIAMI (305)400-4676." There is no accompanying translation.

25. Cubamax denies the allegations in Paragraph 25 of the Complaint.

26. Cubamax denies the allegations in Paragraph 26 of the Complaint.

27. Cubamax admits the allegations in Paragraph 27 of the Complaint.

28. Cubamax is without knowledge of where Plaintiff allegedly received the subject text message and therefore denies the allegation in the first clause of the first sentence of Paragraph 28 of the Complaint. Cubamax denies all other allegations in Paragraph 28 of the Complaint.

29. Cubamax denies the allegations in Paragraph 29 of the Complaint.

30. Cubamax is without knowledge of and therefore denies the allegations in Paragraph 30 of the Complaint.

31. Cubamax states that the allegations in Paragraph 31 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 31 of the Complaint.  Cubamax further states that the cases stated in Paragraph 31 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required.

32. Cubamax is without knowledge of where the subject text messages originated from and therefore denies the allegations in the first clause of Paragraph 32 of the Complaint.  Cubamax denies all other allegations in Paragraph 32 of the Complaint.

33. Cubamax denies the allegations in Paragraph 33 of the Complaint.

34. Cubamax denies the allegations in Paragraph 34 of the Complaint.

35. Cubamax denies the allegations in Paragraph 35 of the Complaint.

36. Cubamax denies the allegations in Paragraph 36 of the Complaint.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37.     Cubamax admits that Plaintiff purports to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure but denies all other allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint are statements of the proposed class Plaintiff purports to represent in this action, to which no response is required. To the extent a response is required, Cubamax denies that Plaintiff's proposed class is appropriate for class treatment pursuant to Fed. R. Civ. P. 23 and further denies that the purported class action has any merit. Cubamax denies the remaining allegations in Paragraph 38 of the Complaint.

39.     Cubamax admits that Plaintiff seeks to exclude the individuals listed in Paragraph 39 of the Complaint from the purported class Plaintiff seeks to represent. Cubamax denies the remaining allegations in Paragraph 39 of the Complaint.

### NUMEROSITY

40.     Cubamax denies the allegations in Paragraph 40 of the Complaint.

41.     Cubamax denies the allegations in Paragraph 41 of the Complaint.

### COMMON QUESTIONS OF LAW AND FACT

42.     Cubamax denies the allegations in Paragraph 42, and subsections (1)–(5) of Paragraph 42, of the Complaint.

43.     Cubamax denies the allegations in Paragraph 43 of the Complaint.

### TYPICALITY

44.     Cubamax denies the allegations in Paragraph 44 of the Complaint.

### PROTECTED THE INTERESTS OF THE CLASS MEMBERS

45. Cubamax denies the allegations in Paragraph 45 of the Complaint.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

46. Cubamax denies the allegations in Paragraph 46 of the Complaint.

47. Cubamax denies the allegations in Paragraph 47 of the Complaint.

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

48. Cubamax incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47 above as if fully set forth herein.

49. Cubamax states that the allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 49 of the Complaint. Cubamax further states that the statute referenced in Paragraph 49 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

50. Cubamax states that the allegations in Paragraph 50 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, Cubamax denies the allegations in Paragraph 50 of the Complaint. Cubamax further states that the case referenced in Paragraph 50 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required.

51. Cubamax denies the allegations in Paragraph 51 of the Complaint.

52. Cubamax denies the allegations in Paragraph 52 of the Complaint.

53. Cubamax denies the allegations in Paragraph 53 of the Complaint.

54. Cubamax denies the allegations in Paragraph 54 of the Complaint.

55. Cubamax denies the allegations in Paragraph 55 of the Complaint.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

56. Cubamax incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47 above as if fully set forth herein.

57. Cubamax denies the allegations in Paragraph 57 of the Complaint.

58. Cubamax denies the allegations in Paragraph 58 of the Complaint.

59. Cubamax denies the allegations in Paragraph 59 of the Complaint.

60. Cubamax denies the allegations in Paragraph 60 of the Complaint.

### PRAYER FOR RELIEF

Cubamax denies that it is liable for the requested relief in subsections (a)–(d) of the WHEREFORE clause under the Prayer for Relief of the Complaint or any relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

Cubamax pleads its Affirmative and Other Defenses, without assuming the burden of proof, and without prejudice to its Answer, as follows:

### First Defense

The claims of Plaintiff are barred on the basis that the Plaintiff lacks standing to pursue claims against Cubamax because Plaintiff has not incurred any loss or injury in fact.

### Second Defense

The claims of Plaintiff are barred because Plaintiff has failed to state a claim upon which relief can be granted.

### Third Defense

The claims of Plaintiff are barred, in whole or in part, by consent, express or implied,

granted or authorized to be granted by Plaintiff.

### Fourth Defense

The claims of Plaintiff are barred because Plaintiff has failed to mitigate any of her damages.

### Fifth Defense

The claims of Plaintiff are barred because Plaintiff was not charged for the text messages referred to in Paragraph 23 of the Complaint.

### Sixth Defense

The claims of Plaintiff are barred by the doctrines of acquiescence, waiver, laches, estoppel, and/or unclean hands.

### Seventh Defense

Any award of statutory damages against Cubamax would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Eighth Defense

The claims of Plaintiff are barred because Cubamax has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and is not liable for any messages allegedly sent by a third party.

### RESERVATION

Cubamax hereby reserves its right to assert any other affirmative defenses that discovery reveals to be applicable so as to avoid waiver of the same.

### CUBAMAX'S PRAYER FOR RELIEF

WHEREFORE, Cubamax prays for judgment as follows:

a) That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

b) That the Court enter judgment that Cubamax is the prevailing party in this action;

c) That the Court award Cubamax all costs, expenses and attorneys' fees that it is entitled to under federal and Florida law; and

d) That the Court award any and all other relief to which Cubamax may be entitled.

Dated: September 14, 2018

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue
Miami, FL  33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717

By: */s/ Ian M. Ross*
ADAM M. FOSLID
Florida Bar No. 682284
foslida@gtlaw.com
belloy@gtlaw.com
IAN M. ROSS
Florida Bar No.  091214
rossi@gtlaw.com
MontelH@gtlaw.com
FLService@gtlaw.com
STEPHANIE PERAL
Florida Bar No. 119324
perals@gtlaw.com
cruzm@gtlaw.com

*Counsel for Defendant Cubamax Travel Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                          /s/ Ian M. Ross
                                                         IAN M. ROSS

## SERVICE LIST

*Stephanie Poirier v. Cubamax Travel Inc.*
Case No. 1:18-cv-23240-CMA
United States District Court, Southern District of Florida

**EDELSBERG LAW PA**
Scott Adam Edelsberg
19495 Biscayne Blvd
# 607
Aventura, FL 33180
Telephone: 305-975-3320
scott@edelsberglaw.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff Stephanie Poirier*