**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-23240-CIV-ALTONAGA/Goodman**

**STEPHANE POIRIER,**
individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

**CUBAMAX TRAVEL INC.,**

      Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court at a June 20, 2019 Final Approval Hearing [ECF No. 50] on Plaintiff's and Class Counsel's Motion for Final Approval of Class Settlement and Application for Service Award, Attorneys' Fees and Expenses [ECF No. 49]. On January 3, 2019, the Court entered an Order [ECF No. 42] granting preliminary approval of the Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Stephane Poirier, on behalf of herself and all members of the Settlement Class,[1] and Defendant Cubamax Travel, Inc. (collectively, the "Parties"). The Court also provisionally certified the Settlement Class and approved the procedure for giving Class Notice to members of the Settlement Class. (*See generally* Order [ECF No. 42]). On February 15, 2019, the Court also entered an Order [ECF No. 44] granting the parties' Joint Motion to Amend Preliminary Approval Order and setting a Final Approval Hearing to take place on June 20, 2019.

On June 20, 2019, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and

---

[1] Unless otherwise defined, capitalized terms here have the definitions found in the Settlement Agreement.

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint [ECF No. 1] on the merits and with prejudice and against all persons or entities who are Settlement Class Members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class attorney's fees and expenses and whether and in what amount to award a service award to Plaintiff.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's and Class Counsel's Motion for Final Approval of Class Settlement **[ECF No. 49]** is **GRANTED** as follows:

## I.      JURISDICTION OF THE COURT

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement and enter this Order.  Without affecting the finality of this Order, the Court retains jurisdiction on all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Order, and for any other necessary purpose.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation ("Action") and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Parties engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class.  Counsel for the Parties were well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.      The Court concludes Plaintiff has Article III standing to bring her claim under

the Telephone Consumer Protection Act ("TCPA").  To establish Article III standing to bring a case, a plaintiff must show she (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision.  Additionally, "where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights."  *Eisenband v. Schumacher Auto., Inc.*, No. 18-cv-80911, 2018 WL 7820549, at *1 (S.D. Fla. Oct. 23, 2018) (internal quotation marks and citation omitted).  A plaintiff alleging a violation under the TCPA does not need to allege any additional harm beyond the one Congress has identified.  *See Mohamed v. Off Lease Only, Inc.*, No. 15-23352-CIV, 2017 WL 1080342, at *2 (S.D. Fla. Mar. 22, 2017) (citing cases).

4.      Here, Plaintiff alleges an injury that is concrete, particularized, traceable to the challenged conduct of the Defendant, and will likely be redressed by a favorable judicial decision.  Plaintiff alleges she received a violative call under the TCPA from Defendant on her cell phone without her consent and was affected in a personal and individual way.  Plaintiff also alleges the call caused her actual harm, including invasion of privacy, aggravation, and annoyance.  In short, Plaintiff's allegation that she received an unsolicited telephone call from Defendant is sufficient to confer Article III standing.  *See Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694, 699 (S.D. Fla. 2018).

5.      The Court concludes the prerequisites for a class action under Rule 23 are satisfied for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of

the Settlement Class he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.     CERTIFICATION OF SETTLEMENT CLASS

6.      Under Rule 23, the Court certifies the Settlement Class as that identified in the Settlement Agreement: "All individuals residing in the United States (i) who were sent a text message (ii) on a cellular telephone to which he or she was the subscriber at the time the text message was received (iii) using the Nexmo platform (iv) by or on behalf of Cubamax Travel, Inc. (v) promoting one of Cubamax Travel, Inc.'s specials, promotions, and/or locations (vi) from August 8, 2014 through the date of certification."

## III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

7.      The Court appoints Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; and Manuel S. Hiraldo of Hiraldo P.A. as Class Counsel for the Settlement Class.

8.      The Court designates Plaintiff Stephanie Poirier as the Class Representative.

## IV.    NOTICE AND CLAIMS PROCESS

9.      The Court makes the following findings on notice to the Settlement Class:

a.      The distribution of the Class Notice, as provided for in the Settlement Agreement (i) constituted the best practicable notice under the circumstances to Settlement

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

Class Members; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) complied fully with the requirements of Rule 23, the United States Constitution, the Rules of the Court, and any other applicable law.

b.      The Class Notice and methodology in the Settlement Agreement, the Preliminary Approval Order, and this Order (i) are the most effective and practicable notice of the Order, the relief available to Settlement Class Members under the Order, and the applicable time periods; (ii) provide due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with Rule 23, the United States Constitution, the Rules of the Court, and any other applicable law.

## V.      FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

10.      The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.      ADMINISTRATION OF THE SETTLEMENT

11.      The Parties are directed to implement the Settlement Agreement according to its terms and provisions.  The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

12.      The Court approves Class Counsel's request for attorney's fees, costs, and

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

expenses, and awards Class Counsel $150,000.00 as reasonable attorney's fees and costs, inclusive of the award of reasonable costs incurred in this Action, which consist of approximately 18.6% of the Settlement Fund. The requested fees are reasonable under the percentage of the fund for the reasons set forth below. The award of attorney's fees and costs to Class Counsel shall be paid from the Settlement Fund within the time and manner set forth in the Settlement Agreement.

13. The Court awards Class Counsel for their time incurred and expenses advanced. The Court concludes: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, despite Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and no Settlement Class Member(s) objected.

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

14. The Court has also applied the factors articulated in *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court concludes the following factors support the requested award of attorney's fees and costs:

      a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. Counsel's efforts required work representing Plaintiff and the class without compensation. The work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

      b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, and whether the software and equipment used to send the messages constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings, and recovery being dependent on a successful outcome, which was uncertain.

      c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved reasonable monetary results for Settlement Class Members. Here, the Settlement required Defendant to make available up to $808,734.00 for the Settlement Class and will produce a per person cash benefit that is within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349, 2013 WL 2286076, at *4 (M.D. La. May 23, 2013).

      d. *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

Similar TCPA class settlements provide for one third of the fund.  *See, e.g.*, *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23, 2017 WL 2472499, at \*2 (M.D. Fla. June 5, 2017) (approving 30% class counsel fee).  Here, Class Counsel is awarded less than in these other cases—**18.6%**.  This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant case. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class actioncases.

> *e.*  *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel.  *See In re Sunbeam Sec.  Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

15.  The Court awards a Service Award in the amount of $5,000.00 to Plaintiff Stephane Poirier payable pursuant to the terms of the Settlement Agreement.

**VII.   RELEASE OF CLAIMS**

16.  After the entry of this Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Order, have fully, finally and forever released, relinquished and discharged Cubamax and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

17.  Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in,

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement

18.      The terms of the Settlement Agreement and of this Order shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

19.      The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated here in all respects and are effective as of the date of this Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

a.      The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement consistent with the requirements in Section III(D) of the Settlement Agreement.

b.      The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases.  The Court expressly retains jurisdiction in order to

enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

            c.     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

            d.     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

       20.     Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.  NO ADMISSION OF LIABILITY

       21.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements

CASE NO. 18-23240-CIV-ALTONAGA/Goodman

referred to therein, nor this Order, nor any of its terms and provisions, shall be:

    a.  offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

    b.  offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

    c.  offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.  OTHER PROVISIONS

22.  This Order and the Settlement Agreement may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.  Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

24.  In the event that the Effective Date does not occur, this Order shall automatically

be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.  In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

25.     This Action, including all individual claims and class claims presented herein, is dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided in this Order.

**DONE** and **ORDERED** in Miami, Florida, this 20th day of June, 2019

_____
**CECILIA M.  ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   all counsel of record